UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: INTUITIVE SURGICAL, INC.,
DA VINCI ROBOTIC SURGICAL SYSTEM
PRODUCTS LIABILITY LITIGATION                                              MDL No. 2381


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Southern Mississippi action move to centralize this litigation in the Northern District of California. This litigation currently consists of four actions listed on Schedule A and pending in four districts.[1] Plaintiffs in the Southern District of New York action, the Northern District of Alabama action, and the potential tag-along action, and defendant Intuitive Surgical, Inc. (Intuitive) support the motion.[2]

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Each action alleges personal injuries arising out of alleged defects in the da Vinci Robotic Surgical System. These are relatively straightforward personal injury or wrongful death actions, however, and the litigation may focus to a large extent on individual questions of fact concerning the circumstances of each patient's alleged injuries. Throughout the briefing process, and when questioned at oral argument, the parties seeking centralization made only vague generalizations about the specific nature of any common questions of fact, where discovery and pretrial proceedings will overlap, and how many cases are expected to be filed.[3]

---

[*] Judge Charles R. Breyer did not participate in the decision of this matter.

[1] The Panel has been notified that an additional action is pending in the Eastern District of Michigan.

[2] Movants and plaintiffs initially sought centralization in the Southern District of Mississippi, the Southern District of New York, and the Eastern District of Michigan, and defendant initially opposed centralization. At oral argument, the parties represented that they had come to an agreement and all now support centralization in the Northern District of California.

[3] After oral argument, plaintiffs in the Northern District of Alabama action filed a supplemental brief attempting to answer the Panel's questions. The additional information provided did not persuade us that centralization of this small number of actions is appropriate. We also note that common factual issues and the number of cases expected to be filed are basic information that

(continued...)

-2-

Given the minimal number of actions currently pending, the proponents of centralization have failed to convince us that any factual questions shared by these actions are sufficiently complex or numerous to justify Section 1407 transfer. While proponents maintain that this litigation may encompass "hundreds" of cases or "over a thousand" cases, we are presented with, at most, five actions. We consider voluntary coordination among the parties and the involved courts of these relatively few actions to be a preferable alternative to centralization at this time. *See, e.g., In re: Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | |

---

[3](...continued)
should be provided to the Panel in initial briefing of a Section 1407 motion for centralization.

**IN RE: INTUITIVE SURGICAL, INC.,**
**DA VINCI ROBOTIC SURGICAL SYSTEM**
**PRODUCTS LIABILITY LITIGATION**          MDL No. 2381

## SCHEDULE A

<u>Northern District of Alabama</u>

Gwendolyn Jones, et al. v. Intuitive Surgical, Inc., C.A. No. 7:12-01082

<u>Eastern District of Louisiana</u>

Jennifer Silvestrini v. Intuitive Surgical, Inc., et al., C.A. No. 2:11-02704

<u>Southern District of Mississippi</u>

Patricia Mayfield, et al. v. Intuitive Surgical, Inc., C.A. No. 4:12-00072

<u>Southern District of New York</u>

Gilmore McCalla v. Intuitive Surgical, Inc., C.A. No. 1:12-02597